## Conley v. Conley

*James B. Ceris*, for plaintiff.

SAWYER, J., August 22, 1966.—In the above-entitled divorce action, the master filed a report recommending that a divorce be granted to plaintiff and against defendant on the ground of desertion. The matter must be referred back to the master for further hearing for the following two reasons:

1. Defendant in this case resides outside the Commonwealth of Pennsylvania. An affidavit of proof of service was filed by plaintiff's attorney, stating that on February 4, 1966, a copy of the complaint was sent by registered mail to defendant and was served upon him at his address on April 10, 1966, as evidenced by the U. S. postal return receipt attached to the affidavit, upon which the name of defendant was signed. The master, in his report, makes a finding that the complaint was delivered to defendant on April 10, 1966.

In the instant case, the complaint was filed on January 14, 1966. The complaint, as in assumpsit, must be served on defendant within 30 days after it is filed: Pennsylvania Rule of Civil Procedure 1009. Any service after the 30-day period is not valid.

The complaint can be reinstated upon praecipe to the prothonotary to give it life for an additional 30 days, which praecipe may be repeated time after time to keep the complaint alive.

However, in the instant case, there was no reissuance of the complaint; therefore, any service of the complaint after 30 days, that is, after February 14, 1966, would be invalid and of no effect, and would give no jurisdiction over defendant.

The return receipt for the registered mail, in connection with the service of the complaint on defendant in the instant case, has a date stamped on it of February 10, 1966, which date would indicate that the actual service must have been made on or before February 10, 1966; and if this is the fact, then the service would be valid.

The master should inquire into this matter to determine whether or not the affidavit filed by plaintiff's attorney, stating that service was made on April 10, 1966, is in error, and should then make supplemental determination on this matter.

2. There is no proof of record that defendant re-

ceived the copy of the complaint which is alleged to have been served upon him.

The rule of practice on this matter was concisely stated by the late President Judge Robert E. McCreary in the case of Hiles v. Hiles, 21 Beaver 21, 22.

"Where service of a complaint in divorce is made by registered mail on a defendant outside the Commonwealth, proof that the signature on the return receipt is that of the defendant must be presented to the Master, and in the absence of such proof the matter will be referred back to the Master: *Peters v. Peters*, 12 D. & C. 2d 373. In the case we are considering it would have been an easy matter for counsel for the plaintiff to show the return receipt to the plaintiff when she was on the stand and to have asked her whether she recognized the handwriting on the receipt and whether the return receipt was actually signed by the defendant".

For the foregoing reasons, the matter will be referred back to the master for further hearing.

### ORDER

Now, August 22, 1966, for the above reasons, the record is referred back to the master for further proceedings not inconsistent with the foregoing opinion.